# Commonwealth of Pennsylvania *v.* W. Adams, Appellant.

*Hawking and peddling—Statutes—Act of March 8, 1847.*

The Act of March 8, 1847, P. L. 256, extends to Elk and certain other
counties, in the act mentioned, the provisions of the act of April 17, 1846,
regulating hawking and peddling in the county of Schuylkill ; the restric-
tion of the act is not limited to articles of tin and copper ware only, as
may possibly be the effect of the act as applicable to Fayette county.

Submitted Feb. 17, 1898.   Appeal, No. 24, Feb. T., 1898, by
defendant, from sentence of Q. S. Elk Co., Sept. Sess., 1897,
No. 8, on verdict of guilty.   Before RICE, P. J., WICKHAM,
BEAVER, ORLADY, SMITH and PORTER, JJ.   Affirmed. ·

Indictment for peddling.

It appears from the special verdict found that defendant of-
fered for sale in Elk county certain clothes wringers, rugs, cur-
tains, etc. ; that they were so offered and sold by him as the
agent of the American Wringer Company, a corporation of the

state of Rhode Island, duly registered in the state of Pennsylvania.

Judgment was entered in favor of the Commonwealth and against the defendant, who was sentenced to pay a fine of $50.00, the costs of prosecution and stand committed until sentence be complied with.   Defendant appealed.

*Errors assigned*, among others were (1) In directing a special verdict in favor of the commonwealth.   (3) In sentencing the defendant to pay a fine of $50.00 and costs.

*R. L. Edgett*, of *Berry & Edgett*, for appellants.—A penal statute must be construed strictly and it will not be extended beyond the evident intention of the Legislature as expressed on its face: Bucher v. Commonwealth, 103 Pa. 528.

A penal statute must be strictly construed in favor of the accused: Commonwealth v. Hollister, 1 C. P. 146.

So far as statutes for the regulation of trade impose fines and forfeitures, they are to be construed strictly as penal, and not liberally as remedial laws: Commonwealth v. Shopp, 1 Woodward, 123.

*Fred H. Ely*, district attorney, with him *E. J. Wimmer*, for appellee.

OPINION BY PORTER, J., March 21, 1898 :

The act of April 17, 1846, provides that no person or persons shall sell or expose to sale in the county of Schuylkill as a hawker or peddler or traveling merchant, any foreign or domestic goods, wares or merchandise, under a specified penalty.

No attack on this act is made here.   The contention is limited to the construction to be placed upon the act of March 8, 1847, by which the provisions of the act of 1846, relating to hawkers and peddlers are " extended to the counties of Lebanon and Elk, Cumberland and Perry, Carbon and Berks, and also to the county of Fayette, with reference to carrying from place to place and exposing to sale articles of tin and copper ware."

The appellant claims that the provisions of the act of 1846 are extended to the counties named respecting only the sale of articles of tin and copper ware, and that, therefore, the appel-

lant was improperly convicted in the absence of indictment and proof of peddling or hawking articles of that character. The act is a penal act, and should be construed with strictness, but this rule of construction must not lead to the exclusion of the intent of the legislature. Here the language is plain in extending the provisions of the act of 1846 to the counties named, including Elk. What effect the last clause of the bill may have upon the county of Fayette it is not necessary now to determine, but it is plain that the application of the provisions of the act of 1846 to the counties named, including Elk, is the primary purpose of the act of 1847. The last clause restricting the prohibition to the hawking of articles of tin and copper ware, does not apply to the present cause.

· The court below committed no error. The assignments of error are dismissed and the record is remitted, to the end that the sentence imposed by the court below may be enforced.